IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES of AMERICA,** *Plaintiff,* v. **ALEXANDER E. BLAIR,** *Defendant.* | No. 15-MJ-5040 |

### HEARING BRIEF ON DETENTION

Defendant Alexander Blair will appear before this Court on April 16 to address pretrial release under 18 U.S.C. § 3142. The defense submits this brief to outline why 18 U.S.C. 3142 does not permit pretrial detention of Mr. Blair.

Defendants shall be released pending trial unless, "after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. 3142(e). The Court is called upon to make such a determination only if: (1) the case involves a specific listed offense, 18 U.S.C. 3142(f)(1); (2) there is a serious risk the defendant will flee, 18 U.S.C. 3142(f)(2)(A); or (3) there is a serious risk the defendant "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror," 18 U.S.C. 3142(f)(2)(B). *See also United States v.*

*Himler*, 797 F.2d 156, 160 (3d 1986) (stating that the statute approves detention "only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute").

Mr. Blair is charged with misprision of a felony in violation of 18 U.S.C. 4. This is not a crime listed in 18 U.S.C. 3142(f)(1). Thus, detention is an option only if the government can prove that there is a serious risk Mr. Blair will flee or obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror, 18 U.S.C. 3142(f)(2). Only if such a showing is made is the Court called upon to determine if relevant facts, supported by clear and convincing evidence, demonstrate that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. 3142(e)(1).

There is no risk that Mr. Blair will flee. He has no money to speak of, and he does not own a vehicle. Mr. Blair proposes that conditions of release include that he reside with his parents. His parents have removed all weapons from their house and, according to U.S. Probation, are "fully supportive of their son and are willing to be third party custodians and do whatever needs to be done." Defense counsel concurs with probation's assessment of Mr. Blair's supportive family and has no objection to a condition of release including release to his parents per 3142(c)(1)(B)(i). Mr. Blair was immediately cooperative with law

enforcement and remains cooperative now. In fact, the government's case against Mr. Blair is premised almost exclusively on his own statements. Mr. Blair has every intention of appearing for court and actively participating in his defense.

Mr. Blair poses no risk for obstructing or attempting to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. Mr. Blair been fully cooperative, and, as a practical matter, there really is nothing to obstruct nor any witness to intimidate. The case against Mr. Blair is primarily an audio recording of his statements to agents. The only likely witnesses at trial are FBI task force agents.

Under the unique circumstances of this case, the Bail Reform Act does not provide legal grounds for detaining Mr. Blair. He should be granted pretrial release with the condition that he reside with his parents.

Respectfully submitted,

JOSEPH HOLLANDER & CRAFT, LLC
*Attorneys for Defendant Blair*

By:   /s/ Christopher M. Joseph
      Christopher Joseph (19778)
      1508 S.W. Topeka Blvd.
      Topeka, KS 66612
      Ph: 785-234-3272
      Fax: 785-234-3610
      cjoseph@josephhollander.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 15, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

               /s/ Christopher M. Joseph
               Christopher M. Joseph