# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>　　　　　　*Plaintiff*,<br>v.<br><br>ALEXANDER E. BLAIR,<br><br>　　　　　　*Defendant*. | Case No. 15-40031-DDC |

## OBJECTION TO PRESENTENCE INVESTIGATION REPORT

Mr. Blair objects to the paragraphs 402 and 413 of his Presentence Investigation Report ("PSIR"), adding twelve offense levels and increasing his criminal history category from I to VI, under USSG § 3A1.4(a) on the basis that his "offense is a felony that involved, or was intended to promote, a federal crime of terrorism."

For the purposes of applying USSG § 3A1.4, the phrase "federal crime of terrorism" has the meaning given that term in 18 U.S.C. § 2332b(g)(5). USSG § 3A1.4, Application Note 1. Section 2332b(g)(5) defines the phrase as: "an offense that--(A) is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct; and (B) is a violation of [enumerated offenses]."

Mr. Blair's offense involved 18 USC § 371 and 18 USC § 844(f)(1). Neither 18 USC

1

§ 371 nor 18 USC § 844(f)(1) is included in the offenses listed in 18 U.S.C. § 2332b(g)(5)(B). Therefore, Mr. Blair's offense cannot qualify as a felony that involved a federal crime of terrorism. PSIR ¶ 413, stating otherwise, is erroneous. PSIR ¶ 402, incorrectly applying a twelve-level enhancement based on that error, should be omitted. And the total offense level provided at PSIR ¶ 409 should be adjusted accordingly.

Although the Tenth Circuit has not addressed the issue, the circuit courts that have considered it have held that a nonenumerated offense may qualify for the enhancement if the defendant intended to promote a federal crime of terrorism. *See United States v. Fidse* 778 F.3d 477, 481 (5th Cir. 2015) (joining in the holding of other circuits). However, such application requires that the district court "identify which enumerated federal crime of terrorism the defendant intended to promote, satisfy the elements of § 2332b(g)(5)(A), and support its conclusions by a preponderance of the evidence with facts from the record." *Id.*

Section 2332b(g)(5)(B) lists more than thirty offenses, and the PSIR does not identify any particular one Mr. Blair's crime was intended to promote. If the government advocates application of the enhancement on this basis, it should identify the enumerated federal crime of terrorism Mr. Blair intended to promote, satisfy the elements of § 2332b(g)(5)(A), and support its conclusions by a preponderance of the evidence with facts from the record. Mr. Blair will then respond in kind, addressing any

2

identified federal crime of terrorism allegedly promoted by his offense.

                Respectfully submitted,

                Joseph, Hollander & Craft LLC
                *Attorneys for Defendant Blair*

By:   /s/ Christopher M. Joseph
       Christopher Joseph, #19778
       1508 S.W. Topeka Blvd.
       Topeka, Kansas 66612
       Phone: (785) 234-3272
       cjoseph@josephhollander.com

## CERTIFICATE OF SERVICE

    I hereby certify that on September 21, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all parties of record.

                /s/ Christopher M. Joseph