# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**
                    **Plaintiff,**


          **v.**                              **Case No.   15-40031-01-DDC**


**ALEXANDER E. BLAIR,**
                    **Defendant.**

---

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT (Doc. 54)

---

The United States of America, by and through Anthony W. Mattivi, Assistant United States Attorney for the District of Kansas, hereby responds to the defendant's Objection to Presentence Investigation Report (Doc. 54).   The defendant's objection is without merit and should be denied.

### I.      Introduction

The defendant objects to application of United States Sentencing Guidelines (USSG) section 3A1.4 – commonly referred to as the "terrorism enhancement" – to his sentence, which results in an increase of twelve offense levels and an adjustment of his criminal history from I to VI.   He claims the Presentence Investigation Report (PSR) does not identify which of the enumerated federal crimes of terrorism he intended to promote, and he asserts application of the enhancement is therefore improper.

The government respectfully submits the defendant's reading of the record is unduly narrow.   The PSR is quite clear on what federal crime of terrorism the defendant's actions intended to promote.   Accordingly, the enhancement is properly applied and the defendant's objection lacks merit.

## II.     Facts

On April 23, 2015, the government filed an Information that charged the defendant with conspiring with John T. Booker, Jr. (a/k/a "Mohammed Abdullah Hassan") to destroy United States government property by means of arson or explosives.   The conspiracy count is a violation of Title 18, United States Code, Section 371, and the arson count is a violation of 18 U.S.C. § 844(f)(1).   The government alleged one specific overt act in furtherance of this conspiracy, which was that on March 17, 2015, the defendant provided Booker with money to rent a storage unit near Booker's apartment in Topeka for the purpose of storing components that the defendant believed would be used to construct an explosive device to be used in a later attack on Fort Riley, Kansas.   The defendant pled guilty to this offense on May 23, 2016.   PSR at ¶¶ 2 – 6.

The PSR goes into far greater detail about the defendant's actions in concert with Booker than the single overt act charged by the government.   As the government has previously pointed out, the defendant admitted that he gave Booker $100 for the purpose of renting a storage unit, and that he knew Booker was renting the unit because Booker intended to commit a suicide bombing.   PSR at ¶¶ 34 – 42.   The defendant said he did not like Booker's plan, but he helped nevertheless.   *Id*. at ¶ 40.   He also admitted to knowing the specifics of Booker's plan:   the unit was going to be used to store "a

vehicle that they could make the device," *id*. at ¶¶ 149 – 150, and that the plan could involve killing civilians.   *Id*. at ¶ 177.   He admittedly knew the specifics of what Booker intended, even before he loaned the money to Booker.   *Id*. at ¶¶ 173 – 74.

Booker, in turn, pled guilty to one count of attempting to use of a weapon of mass destruction and one count of attempting to destroy United States government property by means of arson or explosive.   *Id*. at ¶ 10.   Although not specifically mentioned in the PSR, attempting to use a weapon of mass destruction is a violation of 18 U.S.C. § 2332a, and is one of the enumerated offenses that qualifies for the terrorism enhancement. Booker pled guilty on February 3, 2016.   Case No. 15-40030-CM, Doc. 53.

### III.   The Objection

Section 3A1.4, the terrorism enhancement, states:

> (a) If the offense is a federal felony that involved, or was intended to promote, a federal crime of terrorism, increase by 12 levels; but if the resulting offense level is less than level 32, increase to level 32.

> (b) In each case, the defendant's criminal history from Chapter Four (Criminal History and Criminal Livelihood) shall be Category VI.

According to the commentary to this section:   "For purposes of this guideline, 'federal crime of terrorism' has the meaning given that term in 18 U.S.C. § 2332b(g)(5). And under 18 U.S.C. § 2332b(g)(5)(B), "the term 'Federal crime of terrorism' means an offense that … is a violation of … [section] 2332a (relating to use of weapons of mass destruction)…"

For over ten years, every court of appeals to consider this issue has held that the

terrorism enhancement can and does apply to an offense not listed in 18 U.S.C. §

2332b(g)(5)(B), such as the § 371 conspiracy charge to which this defendant pled guilty.

*See, e.g.*, *United States v. Awan*, 607 F.3d 306, 313 (2d Cir. 2010) (holding that the

district court committed procedural error when it failed to apply the § 3A1.4

enhancement to its calculation of the offense level for defendant's money laundering

conviction); *United States v. Fidse*, 778 F.3d 477, 481 (5th Cir. 2015) (holding that even

though defendant's relevant offense of conviction was not a "crime of terrorism"

enumerated in § 2332b(g)(5)(B), it qualified for the § 3A1.4 enhancement if it was

intended to promote a federal crime of terrorism); *United States v. Graham*, 275 F.3d

490, 517 (6th Cir. 2001) (holding that "the defendant need not have been convicted of a

federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5)(B) for the district court

to find that he intended his substantive offense of conviction or his relevant conduct to

promote such a terrorism crime."); *United States v. Arnaout*, 431 F.3d 994, 1002 (7th Cir.

2005) (holding the district court erred in finding that § 3A1.4 did not apply because

defendant's felony conviction was not a federal crime of terrorism listed in §

2332b(g)(5)(B); "§ 3A1.4 must be considered … when a defendant's felony conviction or

related conduct has as one purpose the intent to promote a federal crime of terrorism");

*United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004) ("Had the Guideline

drafters intended that § 3A1.4 apply only where the defendant is convicted of a crime

listed in 18 U.S.C. § 2332b(g)(5)(B), they would have included such limiting language.

Instead, they unambiguously cast a broader net by applying the enhancement to any

offense that 'involved' or was 'intended to promote' a terrorism crime.").

4

Similarly, multiple district courts have held that the terrorism enhancement can apply to an offense not listed in § 2332b(g)(5)(B). *See Haouari v. United States*, 429 F.Supp.2d 671, 682 (S.D.N.Y. 2006) (upholding application of terrorist enhancement to § 371 conspiracy conviction because defendant was convicted of a felony offense "intended to promote" a federal crime of terrorism); *United States v. Aref*, 2007 WL 804814, *4-5 (N.D.N.Y. 2007) (upholding application of terrorism enhancement to money-laundering convictions because defendant, through the money-laundering scheme, intended to promote a federal crime of terrorism); *United States v. Thurston*, 2007 WL 1500176, *7-9 (D. Or. 2007) (applying terrorism enhancement to § 371 conspiracy convictions based on plain language of Guidelines and holdings of several courts of appeal). Even though the Tenth Circuit has not addressed this specific issue, the sheer weight of uniform, well-reasoned authority on this matter demonstrates conclusively that the terrorism enhancement is applied correctly in this case.

The defendant pled guilty to a charge of conspiracy under 18 U.S.C. § 371, which is not an offense enumerated in § 2332b(g)(5)(B). But, the overt act to which the defendant assented when he pled guilty was that he provided Booker with money to rent a storage unit for the purpose of storing components that he believed would be used to construct an explosive device to be used in a later attack on Fort Riley. Booker's conduct, which the defendant intended to promote, was the attempted use of a weapon of mass destruction, a violation of 18 U.S.C. § 2332a, which is an offense enumerated under § 2332b(g)(5)(B). Because the defendant's conduct was intended to promote an enumerated federal crime of terrorism, the terrorism enhancement is properly and

correctly applied to the defendant's sentence.

The defendant points to *Fidse*, 778 F.3d at 481, and asserts that the Court has not identified which enumerated federal crime of terrorism he intended to promote and supported its findings with a preponderance of the evidence from facts in the record. Doc. 54 at 2.   The government respectfully disagrees.   The record contains ample evidence clearly demonstrating that the defendant's conduct was intended to promote – and actually promoted – Booker's attempted use of a weapon of mass destruction, an enumerated federal crime of terrorism.   The government has no objection to the Court clarifying these findings to solidify the record, but to not apply the terrorism enhancement to the defendant's sentence would be clearly erroneous.

## IV.    Conclusion

The defendant has admitted to conduct that was intended to promote, and that did in fact promote, a federal crime of terrorism.   Accordingly, the terrorism enhancement has been correctly and properly applied in this case.   The defendant's objection to application of the enhancement should be denied.

Respectfully submitted,

THOMAS E. BEALL
Acting United States Attorney


*Anthony W. Mattivi*

ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683

785.295.2850 (Office)
Anthony.Mattivi@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this   23rd   day of September, 2016, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send an electronic copy to the following:

Christopher M. Joseph
cjoseph@josephhollander.com

*Anthony W. Mattivi*

Anthony W. Mattivi