IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES of AMERICA, *Plaintiff*, v. ALEXANDER E. BLAIR, *Defendant*. | Case No. 15-40031-DDC |

**REPLY IN SUPPORT OF OBJECTION
TO PRESENTENCE INVESTIGATION REPORT**

The government advocates the application of U.S.S.G. § 3A1.4, alleging that Mr. Blair intended to promote a federal crime of terrorism. While the government's position might be appropriate in another circumstance, it is inappropriate as applied to this case and this defendant.

As a preliminary matter, the Court should note that the record evidence the government offers in support of the enhancement does not always show precisely what the government contends it shows. Perhaps most notably, the government overstates the clarity of the record evidence regarding the thoroughness and timing of Mr. Blair's knowledge of Booker's specific plans. For example, the government cites PSIR ¶¶ 173-174 in support of its statement that Mr. Blair "admittedly knew the specifics of what

1

Booker intended even before he loaned the money to Booker"—ignoring that Blair's statements in the paragraphs immediately following the government's citation indicate that Blair was stating an assumption and ignoring that Blair's statements throughout the interview continuously fluctuate between factual declarations and theoretical projections.

The Court can consider exactly what the record presents, but the government's presentation is characteristic of a pervasive flaw underlying its position regarding application of U.S.S.G. § 3A1.4 in this case. The government discusses what Mr. Blair knew and what Mr. Blair did. It insists that Mr. Blair actually promoted a crime enumerated in 18 U.S.C. § 2332b(g)(5)(B). But the conclusion the government reaches with that information—that Mr. Blair *intended* to promote a crime of terrorism—is an inference that is not appropriate in this case with this particular defendant.

In addition to the PSIR's presentation of Mr. Blair's interview statements, the record available for the Court's review contains Dr. Stephen Peterson's analysis of Mr. Blair and the effect of Williams syndrome on Mr. Blair's social functioning. Dr. Peterson testified that Mr. Blair's Williams syndrome makes him overly eager to maintain relationships with individuals he perceives as friendly and results in Mr. Blair having a social maturity similar to an 11- or 12-year-old. Considering Dr. Peterson's assessment of Mr. Blair, the statement that rings most true about Mr. Blair's intent is found at PSIR ¶

40: "Did I like it, no, I didn't. But, he asked me for help, I helped him."

In addition, the record shows that Mr. Blair refused to supply a gun to Booker, PSIR ¶¶ 236-240, and also refused Booker's invitation to actively participate in the execution of the bomb plot, PSIR ¶ 73. Although Mr. Blair was willing to "help" his "friend" with a loan when the detrimental impact of that action was a remote concept, he repeatedly refused to engage in conduct when potentially harmful effects were immediately apparent.

The totality of this evidence does not support a finding that Mr. Blair possessed a specific intent to promote a federal crime of terrorism, a specific intent to bring Booker's plot to fruition. While a combination of knowledge and action might demonstrate the intent required by § 3A1.4 in another circumstance, the inference is not warranted under the circumstances of this case.

The government's response also fails to address the specific intent incorporated into the definition of "federal crime of terrorism." To qualify as a "federal crime of terrorism," an offense must be listed in 18 U.S.C. § 2332b(g)(5)(B) <u>and</u> "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." 18 U.S.C. § 2332b(g)(5). The government's response completely ignores this element of the definition. With no explanation, it omits the calculation element from the definition it supplies on page 3 of its response.

3

Application of the enhancement under the intent prong requires that the district court "identify which enumerated federal crime of terrorism the defendant intended to promote, satisfy the elements of § 2332b(g)(5)(A), and support its conclusions by a preponderance of the evidence with facts from the record." *United States v. Fidse*, 778 F.3d 477, 481 (5th Cir. 2015). The government's response identifies an enumerated crime it believes Mr. Blair promoted. But it does not satisfy the elements of § 2332b(g)(5)(A) and, in light of the totality of the evidence in the record, cannot support its conclusion that Mr. Blair intended to promote a federal crime of terrorism.

Respectfully submitted,

Joseph, Hollander & Craft LLC
*Attorneys for Defendant Blair*

By:   /s/ Christopher M. Joseph
      Christopher Joseph, #19778
      1508 S.W. Topeka Blvd.
      Topeka, Kansas 66612
      Phone: (785) 234-3272
      cjoseph@josephhollander.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 27, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all parties of record.

                                                    /s/ Christopher M. Joseph