# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**
            **Plaintiff,**

      v.                                         Case No.   **15-40031-01-DDC**

**ALEXANDER E. BLAIR,**
            **Defendant.**

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT
**(Docs. 54 & 56)**

The United States of America, by and through Anthony W. Mattivi, Assistant United States Attorney for the District of Kansas, hereby files this supplemental response to the defendant's Objection to Presentence Investigation Report (Docs. 54 & 56). The defendant's objection is without merit and should be denied.

### I.     Introduction

The defendant objects to application of United States Sentencing Guidelines (USSG) section 3A1.4 – commonly referred to as the "terrorism enhancement" – to his sentence, which results in an increase of twelve offense levels and an adjustment of his criminal history from I to VI. He first claimed the Presentence Investigation Report (PSR) did not identify which of the enumerated federal crimes of terrorism he intended to

promote. He now claims application of the terrorism enhancement is appropriate only if the government shows he had the specific intent to influence or affect the conduct of the government. He asserts the government has not met this burden, and that he lacked this specific intent, and that application of the enhancement is therefore inappropriate. The defendant does not mention, however, that this issue has been raised and rejected in other cases. The objection is therefore without merit and should be denied.

## II.   Argument and Authority

According to the defendant, the government "fails to address the specific intent incorporated into the definition of a 'federal crime of terrorism.'" Doc. 56 at 3. But he offers no authority for the proposition that specific intent to influence the government is required for application of the terrorism enhancement. And he fails to mention the authority to the contrary.

In *United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011), the defendants made a similar argument. They didn't contest that they were convicted of offenses for which the terrorism enhancement was applicable, as required by the second prong of the definition of a federal crime of terrorism; rather they challenged only the first prong of the definition, which requires that the offenses were "calculated to influence or affect the conduct of the government by intimidation or coercion." They – like defendant Blair – argued there was no evidence they acted with the requisite intent. But the court found that, "To the extent that the defendants knowingly assisted Hamas, their actions benefitted Hamas's terrorist goals and were calculated to promote a terrorist crime that influenced government." *Id*. at 571. The same can be said here: to the extent that

defendant Blair knowingly assisted Booker, his actions benefitted Booker's terrorist goals and were calculated to promote a terrorist crime that influenced government.  The court did <u>not</u> require the defendants to specifically intend to influence the government themselves.

The *El-Mezain* court relied in part on *United States v. Jayyousi*, 657 F.3d 1085 (11th Cir. 2011), in which the defendants were tried for offenses related to their support for Islamist violence overseas.  At sentencing the defendants argued that their benign motive of assisting oppressed Muslims was not calculated to influence or affect the conduct of any government.  The court held that the terrorism enhancement applies when the purpose of a defendant's activity is calculated to promote a terrorism crime, regardless of the defendant's personal motivation.  *Id*. at 1115.

Finally, both *El-Mezain* and *Jayyousi* relied on *United States v. Awan*, 607 F.3d 306 (2d Cir. 2010).  Awan was found by a jury to have served as a conduit for the transfer of funds from the United States to a terrorist organization in India.  The district court found insufficient evidence that the defendant's conduct was "calculated to influence or affect the conduct of government by intimidation or coercion," and it refused to apply the terrorism enhancement.  The appellate court reversed, holding the government need not show that a defendant was personally motivated to influence government if it shows that he intended to promote a crime calculated to have such an effect.  *Id*., at 316-18.

Defendant Blair's benign motive of wishing to help his friend Booker is not relevant to whether the Court should apply the terrorism enhancement in this case.  The

3

defendant admitted in his own factual basis that at the time he loaned the $100 to Booker, he knew Mr. Booker intended to build an explosive device for the purpose of committing jihad, and he knew that the $100 he loaned Booker would be used to rent a storage unit that would house a vehicle containing the device.   "But Mr. Blair acknowledges that he loaned $100 to Booker knowing that it would help Booker follow through with instructions from his 'handler,' knowing that Booker wanted to commit an act of jihad with the help of his 'handler,' and believing that the storage unit was part of plans for a suicide bombing.   Mr. Blair also knew that Booker intended to direct his jihad at the United States military."   Doc. 40 at 7.   The defendant thus knew at the time he loaned the money to Booker that he was promoting an offense calculated to influence the United States government.   Failure to apply the terrorism enhancement under these circumstances would be error.

### III.   Conclusion

The defendant has admitted to conduct that was intended to promote, and that did in fact promote, a federal crime of terrorism.   Whether the defendant had a benign motive, or no motive at all, is irrelevant to the issue of whether the terrorism enhancement is properly applied.   Because the defendant knew he was promoting an offense calculated to influence the government (and he admitted as such in his own factual basis), the terrorism enhancement has been correctly and properly applied in this case.   The defendant's objection to application of the enhancement should be denied.

                                          Respectfully submitted,

                                          THOMAS E. BEALL

Acting United States Attorney

*Anthony W. Mattivi*
ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
785.295.2850 (Office)
Anthony.Mattivi@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this   14th   day of October, 2016, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system which will send an electronic copy to the following:

Christopher M. Joseph
cjoseph@josephhollander.com

*Anthony W. Mattivi*
Anthony W. Mattivi